QUESTION: May the City of Coral Gables create and establish a special taxing district within its municipal borders for the purpose of erecting municipal parking facilities and assess the cost of the improvements directly against the affected property?
SUMMARY: Since the Dade County Charter, pursuant to authority vested by the Florida Constitution, preempts the municipalities within that county from creating and establishing special purpose taxing districts, the City of Coral Gables may not create and establish a special purpose taxing district within its municipal borders for the purpose of erecting municipal parking facilities and assessing the cost of the improvements directly against the affected property. Your question is answered in the negative. Pursuant to s. 166.021(3), F.S., of the Municipal Home Rule Powers Act, a municipality has broad powers: (3) The legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the state constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state legislature may act, except: * * * * * (c) Any subject expressly preempted to state or county government by the constitution or by general law; and (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the state constitution. This office has previously held that the levying of assessments for special benefits is a proper function of a municipality pursuant to s. 166.021, F.S., so long as it has not been expressly preempted to the state or county government by the Constitution or general law, nor expressly prohibited by the Constitution, general law or county charter, or by special law. Attorney General Opinion 074-24. Noncharter counties are limited to the enacting of ordinances creating special purpose districts in the unincorporated areas of the county [s. 125.01(1)(g), F. S.], and thus do not preempt municipal power to create special taxing districts within the municipal borders. However, the Dade County Charter, Art. I, s. 1.01(a)(11), provides: (a) The Board of County Commissioners shall be the legislative and the governing body of the county and shall have the power to carry on a central metropolitan government. This power shall include but shall not be restricted to the power to: * * * * * (11) By ordinance, establish, merge, and abolish special purpose districts within which may be provided police and fire protection, beach erosion control, recreation facilities, water, streets, sidewalks, street lighting, waste and sewage collection and disposal, drainage, and other essential facilities and services. All county funds for such districts shall be provided by service charges, special assessments, or general tax levies within such districts only. The Board of County Commissioners shall be the governing body of all such districts and when acting as such governing body shall have the same jurisdiction and powers as when acting as the Board. This was enacted pursuant to the constitutional authority of Art. VIII, s. 6(e), State Const., and Art. VIII, s. 11(1)(e), State Const. 1885. Also see Art. VIII, s. 11(1)(b) and (d), State Const. 1885, and State v. Dade County, 142 So.2d 79 (Fla. 1962). Thus, under the Dade County Charter, the power to create and abolish special purpose districts is preempted to the county and therefore the City of Coral Gables would be precluded from establishing such a district.